Slip Op. 11-12

# UNITED STATES COURT OF INTERNATIONAL TRADE

```
-------------------------------------------------------------x
                                                             :
RHI REFRACTORIES LIAONING CO., LTD.,                         :
and RHI REFRACTORIES (DALIAN) CO., LTD.,                     :
                                                             :
        Plaintiffs,                                          :
                                                             :
        v.                                                   :     Before: Judge Judith M. Barzilay
                                                             :     Court No. 10-00309
UNITED STATES,                                               :
                                                             :
        Defendant,                                           :
                                                             :
        and                                                  :
                                                             :
RESCO PRODUCTS, INC.                                         :
                                                             :
        Defendant-Intervenor.                                :
                                                             :
-------------------------------------------------------------x
```

**OPINION & ORDER**

[The court denies Vesuvius USA Corporation and Yingkou Bayuquan Refractories Co., Ltd.'s motion for reconsideration.]

January 31, 2011

*Iain R. McPhie*, *Ritchie T. Thomas*, and *Christine J. Sohar Henter*, for Plaintiffs RHI Refractories Liaoning Co., Ltd. and RHI Refractories (Dalian) Co., Ltd.

*Julie C. Mendoza*, *Donald B. Cameron*, *R. Will Planert*, *Brady W. Mills*, and *Mary S. Hodgins*, Attorneys, *Troutman Sanders LLP*, for Vesuvius USA Corporation and Yingkou Bayuquan Refractories Co., Ltd.

*Tony West*, Assistant Attorney General; *Jeanne E. Davidson*, Director; *Patricia M. McCarthy*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Melissa M. Devine*), and, of counsel, *Whitney M. Rolig* and *Brian R. Soiset*, Attorneys, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, for Defendant.

Court No. 10-00309                                                                                           Page 2

*Robert W. Doyle, Jr.*, *Andre P. Barlow*, and *Camelia C. Mazard*, for Defendant-Intervenor Resco Products Inc.

      Barzilay, Judge:  Vesuvius USA Corporation and Yingkou Bayuwuan Refractories Co., Ltd. (collectively, "Vesuvius") move the court pursuant to Rule 60(b)(6) to reconsider its order which denied them the opportunity to participate in this case as plaintiff-intervenors.[1]  During the subject administrative proceeding, Vesuvius filed a combined entry of appearance and request for access to business proprietary information, and requested treatment as a voluntary respondent.  Vesuvius Br. 9; Def. Br. 4-5.  Vesuvius alleges that the filing of its request to act as a voluntary respondent confers standing on the two companies, even though they later withdrew that request, and that the previous order runs afoul of established Court and Federal Circuit precedent.  Vesuvius Br. 2-9.  Vesuvius also complains that the U.S. Department of Commerce's ("the Department" or "Commerce") decision not to examine the companies rendered further participation in the agency proceeding futile.  Vesuvius Br. 9-14.  The Department contends that the court correctly decided the issue and should not disturb its previous decision.  *See generally* Def. Br.  The court denies Vesuvius's motion for the reasons below.

### I. Subject Matter Jurisdiction & Standard of Review

    The court exercises jurisdiction over this case pursuant to 28 U.S.C. § 1581(c).  Before the court sets forth the appropriate standard of the review, it must first address Vesuvius's

---

[1] Rule 60(b) allows a party to seek relief from a final judgment, order, or proceeding for any one of five enumerated reasons and, pursuant to Subsection (6) of that rule, for "any other reason that justifies relief." USCIT R. 60(b).  To warrant relief under Rule 60(b)(6), a movant must affirmatively demonstrate "extraordinary circumstances." *Yancheng Baolong Biochem. Prods. Co. v. United States*, 28 CIT 578, 590, 343 F. Supp. 2d 1226, 1236 (2004) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 393 (1993)).

Court No. 10-00309 Page 3

mistaken reliance upon Rule 60(b)(6) in its request for relief. That rule applies only to "a *final* judgment, order, or proceeding." USCIT R. 60(b) (emphasis added); *Yancheng Baolong Biochem. Prods. Co. v. United States*, 28 CIT 578, 590, 343 F. Supp. 2d 1226, 1236 (2004); *see Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 373 (1981) (describing "final order" as one that "ends the litigation on the merits and leaves nothing for the court to do but execute judgment" (quotation marks & citation omitted)). However, the Federal Circuit has held that an order denying a motion to intervene as of right, such as the court's previous order against Vesuvius, constitutes an "immediately appealable interlocutory order." *In re Sasco Elec.*, 119 F.3d 14, 1997 WL 355315, at *1 (Fed. Cir. June 3, 1997) (unpublished) (citing *R.R. Trainmen v. Baltimore & Ohio R.R. Co.*, 331 U.S. 519, 524-25 (1947)). Therefore, Rule 60(b) does not provide the appropriate grounds for the relief which Vesuvius seeks, and the court instead will examine Vesuvius's request under Rule 59(a)(2). *NSK Corp. v. United States*, 32 CIT ___, ___, 593 F. Supp. 2d 1355, 1362 (2008) ("[T]he [c]ourt has the discretion to rehear a motion that results in an interlocutory order pursuant to USCIT Rule 59(a)(2)." (footnote omitted)).

The granting of a motion for reconsideration under Rule 59 rests within the sound discretion of the court. *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990); *United States v. UPS Customshouse Brokerage, Inc.*, 34 CIT ___, ___, 714 F. Supp. 2d 1296, 1300 (2010). The circumstances that will trigger the court to grant the motion include "an intervening change in the controlling law, the availability of new evidence, the need to correct a clear factual or legal error, or the need to prevent manifest injustice." *NSK Corp.*, 32 CIT at ___, 593 F. Supp. 2d at 1361 (quotation marks & citation omitted). Importantly, while a motion for

reconsideration serves as "a mechanism to correct a significant flaw in the original judgment" by directing the court to review material points of law or fact previously overlooked, it does not provide a losing party with a tool "to repeat arguments or to relitigate issues previously before the court." *UPS Customshouse Brokerage, Inc.*, 34 CIT at ___, 714 F. Supp. 2d at 1301 (quoting *Peerless Clothing Int'l, Inc. v. United States*, 33 CIT ___, ___, 637 F. Supp. 2d 1253, 1256 (2009) (quotation marks & citations omitted)).

## II.  Discussion

To intervene as a matter of right, the movant must have participated as "a party to the proceeding" in the administrative determination under judicial review.  28 U.S.C. § 2631(j)(1)(B); 19 C.F.R. § 351.102(b)(36).  The requisite participation encompasses "written submissions of factual information or written argument."  *Nucor Corp. v. United States*, 31 CIT 1500, 1504-05, 516 F. Supp. 2d. 1348, 1351 (2007) (citation omitted); § 351.102(b)(36).  Though the movant need not engage in extensive participation, the activity nevertheless "must reasonably convey the separate status of a party" and "be meaningful enough 'to put Commerce on notice of a party's concerns.'"  *Laclede Steel Co. v. United States*, 92 F.3d 1206, 1996 WL 384010, at *2 (Fed. Cir. July 8, 1996) (unpublished) (citations omitted).  Importantly, the filing of procedural documents alone does not afford a movant with statutory standing.  *Nucor Corp.*, 31 CIT at 1504-05, 516 F. Supp. 2d at 1352.

Vesuvius does not have standing to intervene in this matter.  A request for voluntary respondent treatment arguably serves as a written argument sufficient to confer standing to intervene, given that such a request (1) represents a formal notice to the Department that a party

**Court No. 10-00309** Page 5

seeks a margin separate from the all-others rate and (2) reasonably signals the party's desire to exclude its imports from that rate. *See* 19 U.S.C. § 1677m(a); 19 C.F.R. 351.204(d); *see also Laclede Steel Co.*, 92 F.3d 1206, 1996 WL 384010, at *2. However, Vesuvius subsequently withdrew that request and, as a result, failed to exhaust all available administrative remedies. *See Asahi Seiko Co. v. United States*, Slip Op. 10-127, 2010 WL 4716554, at *1-2, 5-6 (CIT Nov. 12, 2010) (holding that party fails to exhaust administrative remedies when it withdraws request for respondent treatment). That fact prevents Vesuvius from intervening in this suit, as Congress has directed the Court, "where appropriate, [to] require the exhaustion of administrative remedies." 28 U.S.C. § 2637(d).

Despite its claims to the contrary, Vesuvius cannot avail itself of the futility exception to the exhaustion requirement and intervene in the case. The Federal Circuit has held that the futility exception does not excuse an importer's withdrawal from participation where, as in this case, an adverse decision seemed likely.[2] *Corus Staal BV v. United States*, 502 F.3d 1370, 1379-80 (Fed. Cir. 2007) (citation omitted) ("The mere fact that an adverse decision may have been likely does not excuse a party from a statutory or regulatory requirement that it exhaust administrative remedies."). In the Respondent Selection Memorandum, the Department explained that it would "not calculate individual rates for non-selected companies" as long as the mandatory respondents "continue[d] to cooperate in th[e] investigation." Vesuvius Br. Ex. 1 at 6. Commerce committed to "select a voluntary respondent to replace [a] mandatory respondent" in the future under certain conditions. Vesuvius Br. Ex. 1 at 6. Irrespective of the probability

---

[2] Notably, Vesuvius acknowledges that it withdrew its request because it found continued participation too burdensome unless Commerce guaranteed selection. Vesuvius Br. 12 n.2.

that the Department would select Vesuvius for individual examination, the agency did not foreclose entirely that possibility and, therefore, Vesuvius does not have standing to participate further in this matter.

Finally, the remaining documents — a combined entry of appearance and request for access to business proprietary information, which included Customs Form 7501 — constitute procedural filings and cannot afford Vesuvius standing as "a party to the proceeding" under § 2631(j)(1)(B) and § 351.102(b)(36), a fact that the companies admit. *See, e.g.*, *Dofasco Inc. v. United States*, 31 CIT 1592, 1596, 519 F. Supp. 2d 1284, 1288 (2007) (holding that filings limited to entry of appearance and an administrative protective order application "do not constitute participation sufficient" to grant standing); *Nucor Corp.*, 31 CIT at 1504-05, 516 F. Supp. 2d at 1352 (same); Vesuvius Br. 3.

### III. Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that the motion for reconsideration is **DENIED**; and it is further

**ORDERED** that Vesuvius USA Corporation and Yingkou Bayuwuan Refractories Co., Ltd., may not participate in the litigation of this case as plaintiff-intervenors.

Dated:  January 31, 2011                                                        /s/ Judith M. Barzilay
             New York, NY                                                              Judith M. Barzilay, Judge